IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,915-01






EX PARTE DAMIEN WILLIAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 696451 IN THE 248TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to ten (10) years' imprisonment. His conviction was affirmed on direct
appeal. Williams v. State, No. 14-96-00008-CR (Tex. App. - Houston, September 4, 1997, pet.
ref'd).

 Applicant contends that his plea was involuntary because trial counsel failed to act on
applicant's request to appeal the adult certification order transferring his case from juvenile court
to district court, thereby subjecting applicant to punishment as an adult and causing him to believe
that he had to plead guilty because counsel would not defend him. Applicant has alleged facts that,
if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke,
13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is
the appropriate forum for findings of fact. The trial court shall provide applicant's trial counsel with
the opportunity to respond to applicant's claims. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to applicant's
claim that his plea was involuntary because counsel failed to act on applicant's request to appeal the
adult certification order as applicant had requested, so that applicant was subjected to punishment
as an adult and believed that he had to plead guilty because counsel would not defend him. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within one hundred twenty (120) days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: September 27, 2006

Do not publish